UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

UNITED STATES OF AMERICA,  )  Criminal No. 4:22-cr-083
                           )
            v.             )
                           )  **PLEA AGREEMENT**
RICHARD THOMAS BALL,       )
                           )
            Defendant.     )
                           )

The United States of America (also referred to as "the Government"), Defendant, RICHARD THOMAS BALL, and Defendant's attorney, enter into this Plea Agreement.

**A.   CHARGES**

1.   <u>Subject Offenses</u>.  Defendant will plead guilty to the following counts from the Second Superseding Indictment:

- Count 1, that is, Sexual Exploitation and Attempted Sexual Exploitation of a Child, in violation of Title 18, United States Code, Section 2251(a), (e);

- Count 6, that is, Conspiracy to Distribute a Controlled Substance, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(D);

- Counts 9, 10, and 12, that is, Sex Trafficking by Force, Fraud, and Coercion, in violation of Title 18, United States Code, Section 1591(a)(1), (b)(1); and

- Count 11, that is, Kidnapping, in violation of Title 18, United States Code, Section 1201(a)(1).

Defendant also agrees to forfeiture of the property as set forth in the Plea Agreement and listed in the Second Superseding Indictment.

1

2. <u>Charges Being Dismissed</u>. If the Court accepts this Plea Agreement, the following counts from the Second Superseding Indictment will be dismissed at the time of sentencing:

- Counts 2 and 16, that is, Enticement and Attempted Enticement of a Minor, in violation of Title 18, United States Code, Sections 2422(b) and 2;

- Count 3, that is, Receipt of Child Pornography, in violation of Title 18, United States Code, Section 2252A(a)(2), (b)(1);

- Count 4, that is, Transfer and Attempted Transfer of Obscene Material to a Minor, in violation of Title 18, United States Code, Sections 1470 and 2;

- Count 5, that is, Possession of Child Pornography, in violation of Title 18, United States Code, Section 2252A(a)(5)(B) and (b)(2);

- Counts 7 and 13, that is, Possession with Intent to Distribute a Controlled Substance, in violation of Title 21, United States Code Section 841(a)(1), (b)(1)(D), and Title 18, United States Code, Section 2;

- Counts 8, 15, and 17, that is, Distribution to a Person Under Age Twenty-One, in violation of Title 21, United States Code, Sections 859 and 841(a)(1), (b)(1)(D); and

- Count 14, that is, Sexual Exploitation and Attempted Sexual Exploitation of a Child, in violation of Title 18, United States Code, Section 2251(a), (e).

Defendant understands that, even though Counts 2-5, 7-8, and 13-17 will be dismissed, all relevant conduct including the conduct that supported the charges in Counts 2-5, 7-8, and 13-17 will be considered by the Court at the time of sentencing.

## B.    MAXIMUM PENALTIES

3. <u>Maximum and Mandatory Minimum Punishment</u>.    Defendant understands that the crimes to which Defendant is pleading guilty to in Counts 1, 6, and 9-12 carry the following punishments:

- Count 1: a mandatory minimum sentence of at least 15 years in prison and a maximum sentence of 30 years in prison; a maximum fine of $250,000; and a term of supervised release of at least 5 years and up to life;

2

- Count 6: a maximum sentence of 10 years in prison; a maximum fine of $500,000; and a term of supervised release of at least 4 years and up to life;

- Counts 9, 10, and 12: a mandatory minimum sentence of at least 15 years in prison and a maximum sentence of life in prison; a maximum fine of $250,000; and a term of supervised release of at least 5 years and up to life;

- Count 11: a maximum sentence of life in prison; a maximum fine of $250,000; and a term of supervised release of not more than 5 years ~~up to.~~

A mandatory special assessment of $100 per count (as to Counts 1, 6, 9, 10, 11, and 12) must also be imposed by the Court. Defendant also understands that, if the Court determines Defendant to be a non-indigent person, pursuant to Title 18, United States Code, Section 3014(a)(1), (3), it shall impose an assessment of $5,000 per count (as to Counts 1, 9, 10, and 12). In addition, as to Count 1, pursuant to 18 U.S.C. § 2259A, the Court shall assess not more than $50,000. Defendant understands that the Court may not impose a sentence less than the mandatory minimum sentence unless the Government files a motion for substantial assistance under 18 U.S.C. § 3553(e).   No one has promised Defendant that Defendant will be eligible for a sentence of less than the mandatory minimum. Defendant understands that these sentences may be imposed consecutively.

    4.   <u>Supervised Release--Explained</u>.   Defendant understands that, during any period of supervised release or probation, Defendant will be under supervision and will be required to comply with certain conditions.   If Defendant were to violate a condition of supervised release, Defendant could be sentenced to not more than 5 years in prison on any such revocation, without any credit for time previously served.

6/23/23<br>✗ᴸ<br>MN<br>R.B

3

5.     Detention.    Pursuant to the Mandatory Detention for Offenders Convicted of Serious Crimes Act (18 U.S.C. § 3143), Defendant agrees to remain in custody following the completion of the entry of Defendant's guilty plea to await the imposition of sentence.

6.     Waiver of Section 851 Hearing.    Defendant waives notice and hearing under Title 21, United States Code, Section 851 and stipulates to the enhancement under Section 841(b)(1)(D) due to Defendant's prior conviction for a felony drug offense, that is, a conviction in the Iowa District Court for Polk County, Case Number FECR261840, for a controlled substances violation.

## C.     NATURE OF THE OFFENSE – FACTUAL BASIS

7.     Elements Understood.    Defendant understands that to prove the offense alleged under **Count 1 (Sexual Exploitation and Attempted Sexual Exploitation of a Child)**, the Government would be required to prove beyond a reasonable doubt the following elements:

(a)     At the time alleged, Minor Victim 1 was under the age of 18 years;

(b)     Defendant knowingly persuaded, induced, enticed, or coerced Minor Victim 1 to engage in sexually explicit conduct;

(c)     Defendant acted with the purpose of producing a visual image of such conduct; and

(d)     The visual depiction was produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce by any means, including by computer or cellular phone, or the visual depiction was actually transported or transmitted using any means or facility of interstate or foreign commerce, or in or affecting interstate or foreign commerce.

4

Defendant further understands that to prove the offense alleged under **Count 6 (Conspiracy to Distribute a Controlled Substance)**, the Government would be required to prove beyond a reasonable doubt the following elements:

(a) From in or around the dates alleged, two or more persons reached an agreement or came to an understanding to distribute marijuana;

(b) Defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect; and

(c) At the time Defendant joined in the agreement or understanding, Defendant knew the purpose of the agreement or understanding.

Defendant further understands that to prove the offense alleged under **Counts 9, 10, and 12 (Sex Trafficking by Force, Fraud, and Coercion)**, the Government would be required to prove beyond a reasonable doubt the following elements:

(a) Defendant knowingly recruited, enticed, harbored, transported, provided, or obtained by any means the victim;

(b) Defendant knew or recklessly disregarded the fact that force, threats of force, fraud, coercion, or any combination of those means would be used to cause the victim to engage in a commercial sex act; and

(c) The offense was in or affected interstate commerce.

Defendant further understands that to prove the offense alleged under **Count 11 (Kidnapping)**, the Government would be required to prove beyond a reasonable doubt the following elements:

(a) On or about the dates charged, Defendant unlawfully seized, confined, kept, kidnapped, abducted, or carried away Victim 2 without her consent;

5

(b)    Defendant held Victim 2 for some benefit to himself or for a purpose of his own, namely for revenge and to abuse Victim 2;

(c)    Defendant voluntarily and intentionally transported Victim 2 while she was seized, confined, kept, kidnapped, abducted, or carried away; and

(d)    The transportation was in interstate commerce.

8.    <u>Factual Stipulations</u>. Attached hereto as Attachment "A", and incorporated by reference herein, are factual stipulations entered into between the parties, including the factual stipulations of Defendant's offense conduct relating to each subject offense. Defendant acknowledges that the statements in Attachment A are true.

9.    <u>Truthfulness of Factual Basis</u>.  Defendant understands that, during the change of plea hearing, the judge and the prosecutor may ask Defendant questions under oath about the offense to which Defendant is pleading guilty, in the presence of Defendant's attorney. Defendant understands that Defendant must answer these questions truthfully, and that Defendant can be prosecuted for perjury if Defendant gives any false answers.

10.    <u>Venue</u>.  Defendant agrees that venue for this case is proper for the United States District Court for the Southern District of Iowa.

**D.    SENTENCING**

11.    <u>Sentencing Guidelines</u>.  Defendant understands that Defendant's sentence will be determined by the Court after considering the advisory United States Sentencing Guidelines, together with other factors set forth by law.  The Sentencing

Guidelines establish a sentencing range based upon factors determined to be present in the case, which include, but are not limited to the following:

(a) The nature of the offenses to which Defendant is pleading guilty;

(b) The nature of the images involved, including the age of the children depicted and the nature of the sexually explicit conduct, and the number of such images;

(c) The number of children involved in Defendant's conduct;

(d) Whether a sex act or sexual contact occurred;

(e) Whether a computer was used in the offense;

(f) Whether the images were distributed for the purpose of enticement of a minor;

(g) The quantity of drugs involved;

(h) Whether a dangerous weapon was used or possessed during the commission of the offense;

(i) Whether a victim suffered bodily injury and if so, the degree of such injury;

(j) Defendant's role in the offense;

(k) Whether Defendant attempted to obstruct justice in the investigation, prosecution, or sentencing of the offense;

(l) The nature and extent of Defendant's criminal history (prior convictions); and

(m) Acceptance or lack of acceptance of responsibility.

As part of this Plea Agreement, the parties stipulate as a recommendation to the Court that the applicable advisory guidelines range is 360 months to life imprisonment. Defendant understands that, under some circumstances, the Court may "depart" or "vary" from the Sentencing Guidelines and impose a sentence more severe or less severe than provided by the guidelines, up to the maximum in the

statute of conviction.  Defendant has discussed the Sentencing Guidelines with Defendant's attorney.

12.  <u>Acceptance of Responsibility</u>.  The Government agrees as a recommendation to the Court that Defendant receive credit for acceptance of responsibility under USSG §3E1.1(a).  The Government reserves the right to oppose a reduction under §3E1.1(a) if after the plea proceeding Defendant obstructs justice, fails to cooperate fully and truthfully with the United States Probation Office, attempts to withdraw Defendant's plea, or  otherwise fails to clearly demonstrate acceptance of responsibility.  If Defendant qualifies for a decrease under §3E1.1(a), and the base offense level is 16 or above, as determined by the Court, the Government agrees to make a motion to the Court that Defendant should receive an additional 1-level reduction under USSG §3E1.1(b), based on timely notification to the Government of Defendant's intent to plead guilty. The government may withhold this motion based on any interest identified in USSG §3E1.1.

13.  <u>Presentence Report</u>.  Defendant understands that the Court may defer a decision as to whether to accept this Plea Agreement until after a Presentence Report has been prepared by the United States Probation Office, and after Defendant's attorney and the Government have had an opportunity to review and challenge the Presentence Report.  The parties are free to provide all relevant information to the Probation Office for use in preparing a Presentence Report.

14. <u>Disclosure of Presentence Investigation Reports</u>. The United States District Court for the Southern District of Iowa has issued the following Administrative Order:

> The presentence investigation report is a sealed and confidential document. Unless specifically authorized by the district court, a defendant may not disseminate, disclose, or distribute a presentence investigation report, or any part or page of a presentence investigation report, in either draft or final form. A defendant who violates this order, may be subject to prosecution for contempt of court under 18 U.S.C. § 401(3). This order does not apply to a defendant's review of a presentence investigation report with the defendant's own attorney.

Defendant acknowledges and understands this order.

15. <u>Evidence at Sentencing</u>. The parties may make whatever comment and evidentiary offer they deem appropriate at the time of sentencing and entry of plea, provided that such offer or comment does not violate any other provision of this Plea Agreement. Nothing in this Plea Agreement restricts the right of Defendant or any victim to make an allocution statement, to the extent permitted under the Federal Rules of Criminal Procedure, nor does this Plea Agreement convey any rights to appear at proceedings or make statements that do not otherwise exist.

16. <u>Joint Sentencing Recommendation</u>. Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agree that the Court should impose a term of imprisonment no less than 240 months and no greater than 480 months of imprisonment. Neither party will advocate for a sentence outside of this range at the time of sentencing. The parties agree that this sentence takes into account all of the relevant factors set forth under 18 U.S.C. § 3553(a), including the advisory sentencing guidelines calculation, the nature and circumstances of the offense, the

history and characteristics of Defendant, and other pertinent factors. Should the Court decline to impose this recommended sentence, Defendant may withdraw Defendant's plea of guilty and the case will then be set for trial; likewise, if the Court declines to impose the recommended sentence, the Government also may withdraw from this Plea Agreement and the case will be set for trial. In the event that the relevant advisory guidelines are amended and made retroactive under 18 U.S.C. § 3582(c)(2), Defendant waives any right to seek a sentencing reduction in exchange for this Rule 11(c)(1)(C) Plea Agreement.

## E.    FINES, COSTS, FORFEITURE, AND RESTITUTION

17.    <u>Forfeiture</u>.    Defendant agrees to forfeiture of the property identified in the Second Superseding Indictment, specifically a red iPhone 11, IMEI 356858117697129 which was seized during a traffic stop of Defendant in Cass County, Iowa on October 25, 2021. Defendant will execute any documents as directed by the Government to complete the forfeiture.

18.    <u>Waivers Regarding Forfeiture</u>.    Defendant waives all challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds. Defendant further agrees that the forfeiture provisions of this Plea Agreement are intended to, and will, survive Defendant notwithstanding the abatement of any underlying criminal conviction after execution of this Plea Agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived and that determination shall be binding upon Defendant's heirs,

successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

19. <u>Consent to Judgment of Forfeiture</u>. Defendant agrees to waive all interest in assets subject to this Plea Agreement in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case.

20. <u>Fines and Costs</u>. Issues relating to fines and/or costs of incarceration are not dealt with in this agreement, and the parties are free to espouse their respective positions at sentencing.

21. <u>Special Assessment</u>. Defendant agrees to pay the mandatory special assessment of $100 per count of conviction at or before the time of sentencing, as required by 18 U.S.C. § 3013. Defendant further understands that, if the Court determines Defendant to be a non-indigent person, pursuant to Title 18, United States Code, Section 3014(a)(1), (3), it shall impose an assessment of $5,000 per count (as to Counts 1, 9, 10, ~~11~~ and 12). 6/23/25 *KS* MN *RD*

22. <u>Restitution</u>. Defendant agrees that the Court should impose an order of restitution for all relevant conduct including all conduct related to the dismissed counts, in an amount to be determined by the Court; that the Court shall order

11

restitution for the full amount of losses for each victim (including, but not limited to, Minor Victims 1, 2, and 3, and Victims 1, 2, and 3); that such order of restitution shall be due and payable immediately; and that if Defendant is not able to make full payment immediately, Defendant shall cooperate with the United States Probation Office in establishing an appropriate payment plan, which shall be subject to the approval of the Court, and thereafter in making the required payments. Any such payment plan does not preclude the Government from utilizing any collections procedures pursuant to the Federal Debt Collections Act and including the Treasury offset program.

## F.     LIMITED SCOPE OF AGREEMENT

23.     <u>Limited Scope of Agreement</u>.  This Plea Agreement does not limit, in any way, the right or ability of the Government to investigate or prosecute Defendant for crimes occurring outside the scope of this Plea Agreement.  Additionally, this Plea Agreement does not preclude the Government from pursuing any civil or administrative matters against Defendant, including, but not limited to, civil tax matters and civil forfeiture which arise from, or are related to, the facts upon which this investigation is based.

24.     <u>Agreement Limited to Southern District of Iowa</u>.  This Plea Agreement is limited to the United States Attorney's Office for the Southern District of Iowa, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

25.     Sex Offender Registry.  Defendant understands that by pleading guilty, Defendant will be required to register as a sex offender upon Defendant's release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). Defendant also understands that independent of supervised release, Defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout Defendant's life.   Defendant understands that Defendant shall keep Defendant's registration current, shall notify the state sex offender registration agency or agencies of any changes to Defendant's name, place of residence, employment, or student status, or relevant information.   Defendant shall comply with requirements to periodically verify in person Defendant's sex offender registration information.   Defendant understands that Defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements.   Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon Defendant's release from confinement following conviction.   As a condition of supervised release, Defendant shall initially register with the state sex offender registration in the state of Iowa, and shall also register with the state sex offender registration agency in any state where Defendant resides, is employed, works, or is a student, as directed by the Probation Officer.   Defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update Defendant's registration information.   Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

## G. WAIVER OF TRIAL, APPEAL AND POST-CONVICTION RIGHTS

26. <u>Trial Rights Explained</u>. Defendant understands that this guilty plea waives the right to:

(a) Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

(b) A speedy and public trial by jury, which must unanimously find Defendant guilty before there can be a conviction;

(c) The assistance of an attorney at all stages of trial and related proceedings, to be paid at Government expense if Defendant cannot afford to hire an attorney;

(d) Confront and cross-examine adverse witnesses;

(e) Present evidence and to have witnesses testify on behalf of Defendant, including having the Court issue subpoenas to compel witnesses to testify on Defendant's behalf;

(f) Not testify or have any adverse inferences drawn from the failure to testify (although Defendant also has the right to testify, if Defendant so chooses); and

(g) If Defendant is convicted, the right to appeal, with the assistance of an attorney, to be paid at Government expense if Defendant cannot afford to hire an attorney.

27. <u>Waiver of Appeal and Post-Conviction Review (Mutual)</u>. Defendant knowingly and expressly waives any and all rights to appeal Defendant's conviction in this case, including a waiver of all motions, defenses and objections which Defendant could assert to the charges, or to the Court's entry of judgment against Defendant. If the Court imposes the sentence recommended by the parties, that is, a sentence of no less than 240 months and no greater than 480 months of imprisonment, Defendant and the Government also waive any and all rights to appeal Defendant's sentence. Also, Defendant knowingly and expressly waives any

and all rights to contest Defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255. These waivers are full and complete, except that they do not extend to the right to appeal or seek post-conviction relief based on grounds of ineffective assistance of counsel or prosecutorial misconduct.

## H. VOLUNTARINESS OF PLEA AND OPPORTUNITY TO CONSULT WITH COUNSEL

28. <u>Voluntariness of Plea</u>. Defendant represents that Defendant's decision to plead guilty is Defendant's own, voluntary decision, and that the following is true:

    (a)    Defendant has had a full opportunity to discuss all the facts and circumstances of this case with Defendant's attorney, and Defendant has a clear understanding of the charges and the consequences of this plea, including the maximum penalties provided by law.

    (b)    No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this written agreement.

    (c)    No one has threatened Defendant or Defendant's family to induce this guilty plea.

    (d)    Defendant is pleading guilty because in truth and in fact Defendant is guilty and for no other reason.

29. <u>Consultation with Attorney</u>. Defendant has discussed this case and this plea with Defendant's attorney and states that the following is true:

    (a)    Defendant states that Defendant is satisfied with the representation provided by Defendant's attorney.

    (b)    Defendant has no complaint about the time or attention Defendant's attorney has devoted to this case nor the advice the attorney has given.

(c)      Although Defendant's attorney has given Defendant advice on this guilty plea, the decision to plead guilty is Defendant's own decision. Defendant's decision to enter this plea was made after full and careful thought, with the advice of Defendant's attorney, and with a full understanding of Defendant's rights, the facts and circumstances of the case, and the consequences of the plea.

## I.    GENERAL PROVISIONS

30.    <u>Entire Agreement</u>. This Plea Agreement, and any attachments, is the entire agreement between the parties. Any modifications to this Plea Agreement must be <u>in writing</u> and signed by all parties.

31.    <u>Public Interest</u>. The parties state this Plea Agreement is in the public interest and it takes into account the benefit to the public of a prompt and certain disposition of the case and furnishes adequate protection to the public interest and is in keeping with the gravity of the offense and promotes respect for the law.

32.    <u>Execution/Effective Date</u>. This Plea Agreement does not become valid and binding until executed by each of the individuals (or their designated representatives) shown below.

33.    <u>Consent to Proceed by Video Conferencing</u>. Defendant consents to any proceedings in this case, to include plea and sentencing proceedings, being conducted by video or telephone technology, if the Court finds further delay would seriously harm the interests of justice. Defendant has had the opportunity to consult with Defendant's attorney about the use of video or telephone technology in this case.

## J.    SIGNATURES

34.    <u>Defendant</u>. I have read all of this Plea Agreement and have discussed it with my attorney. I fully understand the Plea Agreement and accept and agree to

it without reservation. I do this voluntarily and of my own free will. No promises have been made to me other than the promises in this Plea Agreement. I have not been threatened in any way to get me to enter into this Plea Agreement. I am satisfied with the services of my attorney with regard to this Plea Agreement and other matters associated with this case. I am entering into this Plea Agreement and will enter my plea of guilty under this Plea Agreement because I committed the crime to which I am pleading guilty. I know that I may ask my attorney and the judge any questions about this Plea Agreement, and about the rights that I am giving up, before entering into the plea of guilty.

6/22/23
Date

Richard Thomas Ball

35.     **Defendant's Attorney.**     I have read this Plea Agreement and have discussed it in its entirety with my client. There is no Plea Agreement other than the agreement set forth in this writing. My client fully understands this Plea Agreement. I am satisfied my client is capable of entering into this Plea Agreement, and does so voluntarily of Defendant's own free will, with full knowledge of Defendant's legal rights, and without any coercion or compulsion. I have had full access to the Government's discovery materials, and I believe there is a factual basis for the plea. I concur with my client entering into this Plea Agreement and in entering a plea of guilty pursuant to the Plea Agreement.

6/22/2023
Date

Mackenzi Nash
Attorney for Richard Thomas Ball

17

Federal Public Defenders Office
400 Locust Street, Suite 340
Telephone:   515-309-9610
Telefax:   515-309-9625
E-Mail: Mackenzi_Nash@fd.org

36.  <u>United States</u>.  The Government agrees to the terms of this Plea Agreement.

Richard D. Westphal
United States Attorney

6/22/2023

Date

By:

Amy L. Jennings
Kyle J. Essley
Assistant U.S. Attorneys
U.S. Courthouse Annex, Suite 286
110 East Court Avenue
Des Moines, Iowa 50309
Telephone: 515-473-9300
Telefax: 515-473-9292
E-mail: Amy.Jennings2@usdoj.gov
E-mail: Kyle.Essley@usdoj.gov

Attachment "A"

## STIPULATION OF FACTS

1.    As a factual basis for Defendant's pleas of guilty, and as relevant conduct to the offenses charged in the Second Superseding Indictment, Defendant admits the following:

2.    *Count 1, Minor Victim 1, and Minor Victims 2 and 3.* From at least August 29, 2021, until October 25, 2021, Defendant knowingly employed, used, persuaded, induced, enticed, and coerced Minor Victim 1 to engage in sexually explicit conduct (and attempted to do so). Defendant did that, by among other things, telling Minor Victim 1 that he wanted to engage in sex acts with her, and that he wanted Minor Victim 1 to send him images and videos of Minor Victim 1 engaged in sexually explicit conduct. For example, in text message communications from August to October 2021,

   a. Defendant pressured Minor Victim 1 to capture and send him images and videos of her engaged in sexually explicit conduct. On August 28, 2021, Defendant told Minor Victim 1 to "Send videos." On September 5, 2021, Defendant said to Minor Victim 1 "Bitch u know u haven't sent any videos. Not to me anyway!" On September 6, 2021, Defendant stated "My videos dammit!!"

   b. Defendant told Minor Victim 1 that she "belong[ed]" to him and she would do as he told her.

   c. Defendant told Minor Victim 1 that he loved her, stating things like "I've never had anyone to make me love them to the affect of how I love u. U mean so much to me it's scary."

   d. Defendant discussed engaging in sex acts with Minor Victim 1, stating things like he "wanna fuck" and he "want u preg dis year."

3.    Throughout his conversations with Minor Victim 1, Defendant acted with the purpose of producing images and videos of Minor Victim 1 engaged in sexually explicit conduct. Defendant, among other things, asked for Minor Victim 1 to "bust it open," to "Show that pussy baby!!!," and to send him "thotshot[s]" (*i.e.*, to capture images and videos of her vagina and buttocks/anus). On another occasion,

after Minor Victim 1 sent him two sexually explicit videos, Defendant stated "Damn u get me so worked up I hacked off twice!!!"

4.      As a result of Defendant's efforts, visual depictions of Minor Victim 1 engaged in sexually explicit conduct were produced, and they were transmitted using any means or facility of interstate commerce; specifically, they were sent via telecommunications systems from Minor Victim 1's cellphone to Defendant's cellphone. For example:

> a. On August 29, 2021, Defendant asked Minor Victim 1 "Where's my video." Late on August 29, 2021, Minor Victim 1 sent Defendant an image of her naked breasts, and Defendant responded "Don't chump me off!!! I WANT NEE SHIT." Minor Victim 1 responded "I know baby imma send you more I miss you so much and want you next to me tho." Later Minor Victim 1 captured and sent to Defendant images of her naked vagina, buttocks/anus, and breasts, to which Defendant said "Yes indeed baby!!!"

> b. On September 6, 2021, Defendant said to Minor Victim 1 "Now busitopen fa'daddy!!!" The next day, Defendant said to Minor Victim 1 "Ignored aGain." Minutes later, Minor Victim 1 sent Defendant a video of Minor Victim 1 masturbating her vagina.

5.      Minor Victim 1 was less than 16 years of age and did not turn 16 years old until December 2021.

6.      During the time periods described above, Defendant knew that Minor Victim 1 was less than 18 years of age.

7.      Defendant used a red iPhone 11, IMEI 356858117697129 (which was seized during a traffic stop of Defendant in Cass County, Iowa on October 25, 2021) to employ, use, persuade, induce, entice, and coerce (and attempt to do those things) Minor Victim 1 to engage in sexually explicit conduct, and images and videos of Minor Victim 1 engaged in sexually explicit conduct were recovered from the device.

8.      From January 2020 to January 2021, Defendant knowingly employed, used, persuaded, induced, enticed, and coerced Minor Victim 2 to engage in sexually explicit conduct (and attempted to do so) and to produce images and videos of Minor Victim 2 engaged in such conduct. Some of Defendant's efforts to convince Minor

Victim 2 to engage in such conduct were captured on communications Defendant made while detained at the Polk County Jail. As a result of Defendant's efforts, (i) Defendant engaged in sex acts with Minor Victim 2, and (ii) visual depictions of Minor Victim 2 engaged in sexually explicit conduct were produced, and they were transmitted using any means or facility of interstate commerce; specifically, they were sent via telecommunications systems from Minor Victim 2's cellphone and/or Snapchat account to Defendant's cellphone and/or Snapchat account. Minor Victim 2 turned sixteen years old on March 11, 2020.

9. From August 2014 to December 30, 2019, Defendant knowingly persuaded, induced, enticed, and coerced Minor Victim 3 to engage in sexual activities for which a person could be charged with a criminal offense (and attempted to do so); Defendant used his cellphone to do these things. As a result of Defendant's efforts, (i) Defendant engaged in sex acts with Minor Victim 3, and (ii) visual depictions of Minor Victim 3 engaged in sexually explicit conduct were produced, and they were transmitted using any means or facility of interstate commerce; specifically, they were sent via telecommunications systems from Minor Victim 3's cellphone and/or social media accounts to Defendant's cellphone and/or social media accounts. Minor Victim 3 turned eighteen years old on December 30, 2019.

10. *Count 6.* From a date unknown, but by at least January 2020, and continuing until January 26, 2022, Defendant and other persons agreed to distribute marijuana. Defendant voluntarily and intentionally joined the agreement at the time it was first reached and did so understanding that the purpose of the agreement was to distribute marijuana. Defendant obtained marijuana and marijuana products from outside the state of Iowa; Defendant or his coconspirators would transport the marijuana and marijuana products to Iowa; and Defendant and his coconspirators then distributed the marijuana and marijuana products to end users. More than one of Defendant's coconspirators were minors, including Minor Victim 1.

11. *Count 11, Victim 2.* Between on or about June 30, 2021, and July 1, 2021, Defendant did knowingly seize, confine, inveigle, decoy, kidnap, abduct,

and carry away and hold Victim 2 for his own benefit or purpose. Specifically, among other things, Defendant abducted, confined, carried away, and held Victim 2 against her will, transporting Victim 2 from Missouri to Des Moines, Iowa, so that he could physically assault Victim 2 during the trip as a form of revenge for Victim 1 having posted Defendant's phone number on an advertisement for sexual services. The offense was in and affected interstate commerce and involved the use of a means, facility, and instrumentality of interstate commerce, in that Defendant used a motor vehicle to transport Victim 2 from Missouri to Des Moines, Iowa. In addition, Defendant used a cellphone to capture a video recording of Victim 2 cowering away from Defendant's physical assault while Defendant says to Victim 1 "Look at your bitch, [Victim 1]." Defendant then transmitted the video to Victim 1.

12. ***Counts 9, 10, and 12, Victims 1, 2, and 3.*** From in or about August 2019 and continuing through in or about April 2022, Defendant did knowingly recruit, entice, harbor, transport, provide, and obtain Victim 1, an adult female. Among other things, Defendant encouraged Victim 1 to engage in commercial sex acts, told Victim 1 she could make money completing commercial sex acts, and transported Victim 1 to hotels/motels to engage in commercial sex acts.

13. Defendant did so knowing that, or in reckless disregard of the fact that, force, threats of force, fraud, coercion, or a combination of those means would be used to cause Victim 1 to engage in a commercial sex act. Among other things, Defendant:

    a. Physically assaulted Victim 1;

    b. Physically assaulted other women knowing that Victim 1 would become aware of those assaults;

    c. Acted like a boyfriend to Victim 1, lied to Victim 1 about his marital status, and convinced Victim 1 that she could demonstrate her love or contribute to their relationship by engaging in commercial sex acts; and

    d. Convinced Victim 1 that he needed money for a defense attorney, and when Victim 1 sent Defendant money she earned from engaging in commercial sex acts, Defendant used the money for other purposes.

14.     From in or about March 2021 and continuing through in or about September 2021, Defendant did knowingly recruit, entice, harbor, transport, provide, and obtain Victim 2, an adult female. Among other things, Defendant encouraged Victim 2 to engage in commercial sex acts, told Victim 2 she could make money completing commercial sex acts, and transported Victim 2 to hotels/motels to engage in commercial sex acts.

15.     Defendant did so knowing that, or in reckless disregard of the fact that, force, threats of force, fraud, coercion, or a combination of those means would be used to cause Victim 2 to engage in a commercial sex act. Among other things, Defendant:

     a.  Physically assaulted Victim 2;

     b.  Physically assaulted other women knowing that Victim 2 would become aware of those assaults;

     c.  Acted like a boyfriend to Victim 2, lied to Victim 2 about his marital status, and convinced Victim 2 that she could demonstrate her love or contribute to their relationship by engaging in commercial sex acts; and

     d.  Threatened to harm Victim 2 or to expose Victim 2's engagement in commercial sex acts to Victim 2's children.

16.     From in or about July 2021 and continuing through in or about July 2022, Defendant did knowingly recruit, entice, harbor, transport, provide, and obtain Victim 3, an adult female. Among other things, Defendant encouraged Victim 3 to engage in commercial sex acts, told Victim 3 she could make money completing commercial sex acts, and transported Victim 3 to hotels/motels to engage in commercial sex acts.

17.     Defendant did so knowing that, or in reckless disregard of the fact that, force, threats of force, fraud, coercion, or a combination of those means would be used to cause Victim 3 to engage in a commercial sex act. Among other things, Defendant:

     a.  Threatened to physically assault Victim 3;

     b.  Acted like a boyfriend to Victim 3, lied to Victim 3 about his marital status, and convinced Victim 3 that she could demonstrate her love

or contribute to their relationship by engaging in commercial sex acts; and

c. Convinced Victim 3 that he needed money for a defense attorney, and when Victim 3 sent Defendant money she earned from engaging in commercial sex acts, Defendant used the money for other purposes.

18.     Counts 9, 10, and 12 were in or affecting interstate commerce in that, among other things, the commercial sex acts occurred at hotels/motels that were parts of national chains and which housed out-of-state customers, and the Internet and cellphones were used to solicit clients for commercial sex acts.

19.     Defendant agrees that one or more of the acts constituting the offenses charged in Counts 1, 6, 9, 10, 11, and 12 of the Second Superseding Indictment occurred in the Southern District of Iowa.

20. Defendant hereby certifies that the facts set forth above are true and accurate to the best of Defendant's knowledge.

6/22/23
Date

_____
Richard Thomas Ball
Defendant

6/22/2023
Date

_____
Mackenzi Nash
Attorney for Richard Thomas Ball

Richard D. Westphal
United States Attorney

6/22/2023
Date

By: _____
Amy L. Jennings
Kyle J. Essley
Assistant United States Attorneys